Case 4:22-cv-03233   Document 21   Filed on 04/05/23 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
April 05, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KAY JEUUDAH, § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:22-CV-3233 |
| § | |
| CITY OF HOUSTON, ET AL., § | |
| *Defendants*. § | |

## MEMORANDUM AND RECOMMENDATION

On August 16, 2022, Plaintiff filed a petition in the 11th Judicial District Court of Harris County, Texas. ECF 1-1 at 2. Plaintiff, filing under the name "Jeuudah Kay, (see Revelation 2:17), Of the Tribe of Judah: The Lion King Stock, President and CEO Soveriegn," names twelve Defendants and purports to bring claims for violation of her rights under the First, Fourth, Fifth, Eighth, Thirteenth, and Fourteenth Amendments of the United States Constitution. *Id.* at 2, 12. The matter was removed to this Court on September 21, 2022, stating that jurisdiction is proper under the Court's federal question jurisdiction, 28 U.S.C. § 1331. ECF 1 at ¶¶ 4-5. Having reviewed the petition, the Court RECOMMENDS that this case be dismissed for lack of standing.[1]

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 6.

1

## I. Background

Plaintiff filed a 91-page petition which is difficult to decipher. For example, the body of the petition contains extensive discussion of Biblical verse, the crisis in Ukraine, public figures including George Floyd and Brittney Griner, and other abstract and religious claims. *See generally* ECF 1-1. Plaintiff summarizes her claims as follows (verbatim):

> Uncontrolled violations of my Civil Rights maliciously and with Confederate entent to overthrow my Devinely given Queenship: Of the Tribe of Judah: THE LION KING STOCK, by an over-flowing of abominations and sins again me, Jeuudah Kay, a Jewess Priestess of His Majesty YAHWEH EIOHEM: BLACK AND SUPREME: THE RECKONING FROM THE TRIBE OF JUDAH IS COME.

*Id.* at 3. She elaborates with the following (verbatim):

> 1. My 1st Amendment Rights were violated when THE STATE of TEXAS, by, and through Ft Bend County Sheriff Office, and Officer S. Craig, TEXANA, and Allison Alexander, Sun Behavioral Houston; Michael Barber and Lena Bush, and others, maliciously, deceiptfully, by documented lies, conspiracies and insults to an already existing injury; . . . By ungodly and unhumanely (what feels like massive GANG RAPE in my Spirit, my Soul, my flesh and my Soul) persecuted me, (with leave to refile in some cases of this case) with aggregeous anger and sexual aggressions, attacking and interfering with my Freedoms and Liberty; Freedom of Press, Freedom of Speech, Freedom to be Black, a Woman, Anointed as Priestess-Arch Priestess and Queen, and Freedom of being labeling by Confederates, in a

2

> language that is not my native tongue, where everything that I have said has been used against me in a few Courts of TEXAS Law.

*Id.* at 5. Plaintiff seeks the following relief in her petition (verbatim):

> DAMAGES: Oil – Black Gold; Texas . . . . CHESTER'S OIL COMPANY TEXAS (US).
>
> I, Honorable <u>Queen</u> Jeuudah Kay, Of the Tribe of Judah: The Lion King Stock, am seeking, "for all the VIOLENCE that has been done me us", . . . WORD: BLACK and SUPREME YHWH ELO'HEM: "CHESTER'S" OIL COMPANY TEXAS (US).
>
> The Oil Change Shall be in and to the name of: "Honorable Queen JeuuDah Kay, Of THE TRIBE OF JUDAH: THE LION KING STOCK." A Change of Ownership: "An Oil Change." NOW.

*Id.* at 11.

Plaintiff appended multiple documents to her petition which provide additional background information. A misdemeanor complaint executed by the Assistant District Attorney of Fort Bend County, Texas, indicates that Plaintiff, on March 22, 2022, "intentionally and knowingly remain[ed] in a [Whataburger restaurant] . . . without the consent of the complainant, and the defendant had received notice to depart but failed to do so." *Id.* at 97. The Fort Bend action was dismissed, on Motion of the State, on March 30, 2022. *Id.* at 98. On that same day, Defendant S. Craig, a Fort Bend County Sheriff (ECF 1-5 at 2), filed a "Notification

of Emergency Detention." ECF 1-1 at 99. Plaintiff was then admitted to "SUN Behavioral inpatient mental health facility or hospital facility," ultimately being discharged on April 14, 2022. *Id.* at 99-100, 114.

## II. Legal Standards

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3). Federal courts have an affirmative duty to examine *sua sponte* the basis for subject matter jurisdiction. *Union Planters Bank Nat. Assn. v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004). Article III constitutional standing, specifically, is a jurisdictional prerequisite that must be raised *sua sponte* by the Court. *Ford v. NYLCare Health Plans of Gulf Coast, Inc.*, 301 F.3d 329, 331-32 (5th Cir. 2002). Dismissal of a case for lack of subject matter jurisdiction is without prejudice. *Ruiz v. Brennan*, 851 F.3d 464, 473 (5th Cir. 2017).

"To establish standing, the plaintiff must show '(1) that he or she suffered an injury in fact that is concrete, particularized, and actual or imminent, (2) that the injury was caused by the defendant, and (3) that the injury would likely be redressed by the requested judicial relief." *Daves v. Dallas Cty.*, 22 F.4th 522, 542 (5th Cir. 2022) (quoting *Thole v. U.S. Bank N.A.*, 140 S. Ct. 1615, 1618 (2020)). A plaintiff bears the burden of establishing each element. *Id.* (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). "[A] plaintiff raising only a generally available

4

grievance about government . . . does not state an Article III case or controversy." *Lujan*, 504 U.S. at 573-74.

### III. Analysis

Plaintiff has failed to meet her burden to establish standing. For example, she refers to "documented lies, conspiracies and insults," but she does not identify any facts to support those claims. *Id.* at 5. To the extent Plaintiff's grievances are decipherable, they are no more than generalized complaints about the courts, the justice system, and mental health institutions. *See, e.g.*, *id.* at 43 ("They have divided us up into three different Americas. They have separate us by walls, jails, the English language, their ungodly laws and by sorcery-witch craft"); *id.* at 8 ("I have found that Medicine's Pure meaning is Sins of the Medes, descendants of those who threw Daniel in the Lion's Den . . . ."). In short, Plaintiff's claims are either devoid of factual content, or are generalized claims insufficient to confer standing. *Lujan*, 504 U.S. at 573-74. Further, with respect to relief, Plaintiff seeks an injunction awarding her ownership of "'CHESTER'S' OIL COMPANY TEXAS (US)" which is not a defendant in the case. *Id.* at 12 (According to "corporationwiki," "Chester Oil Company," is a "Domestic Corporation in the State of Nevada." *Chester Oil Company*, CORPORATIONWIKI.COM, https://www.corporationwiki.com/Oklahoma/

Wetumka/chester-oil-company/29463667.aspx (last accessed Mar. 17, 2023)). Plaintiff neither alleges a basis for awarding her ownership of a non-defendant oil company, nor explains how the award would redress her purported Article III injuries. Because Plaintiff has failed to establish any of the necessary elements of standing, then, this Court lacks subject matter jurisdiction to hear her claim. *Daves*, 22 F.4th at 542.

In a removed case, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). There is an exception to the mandatory remand requirement where it is "sufficiently certain" that state court would also lack jurisdiction and accordingly that remand would be futile. *See Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 88–89 (1991); *Boaz Legacy, L.P. v. Roberts*, 628 F. App'x 318, 320 (5th Cir. 2016) (per curiam). The court should remand if the existence of jurisdiction in the state court requires debatable application or interpretation of state law. *Int'l Primate Prot. League*, 500 U.S. at 88-89. But, the court should dismiss if it is "sufficiently certain" that remand would be futile because the state court would also lack jurisdiction. *Id.*; *Nolan v. Boeing Co.*, 919 F.2d 1058 (5th Cir. 1990).

"Texas standing requirements parallel the federal test for Article III standing. . . . [In *Lujan*,] [t]he United States Supreme Court . . . articulated the three elements of standing[] which have been adopted by this Court[.]" *In re Abbott*, 601 S.W.3d 802, 807–08 (Tex. 2020) (orig. proceeding) (per curiam) (citation omitted). Thus, because Plaintiff lacks standing under Article III, she also lacks standing to bring this lawsuit in state court. The court is thus "sufficiently certain" that remand would be futile. Dismissal, rather than remand, is the appropriate course of action. Accordingly, Plaintiff's claims against Houston Defendants must be dismissed, sua sponte, for lack of subject-matter jurisdiction.

## IV.   Conclusion and Recommendation

For the above reasons, the Court RECOMMENDS that the District Judge sua sponte dismiss this case without prejudice and terminate all pending motions due to the Court's lack of subject matter jurisdiction: (1) Defendant City of Houston's Motion to Dismiss Pursuant to Rule 12(b)(1) and Rule 12(b)(6) (ECF 3); (2) Defendant City of Houston's Motion to Sever Claims against the City of Houston from all other Defendants (ECF 2); Defendants' Lena Bush and SUN Behavioral Houston Motion to Dismiss pursuant to Rule 12(b)(6) (ECF 15); and Defendants Texana Center's and Allison Alexander's Motion to Dismiss under Rule 12(b)(6)

7

(ECF 20). Plaintiff has filed various Letters (ECF 17; ECF 18; and ECF 19) that the Court construes to be Plaintiff's Responses to the Motions to Dismiss.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on April 05, 2023, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge